# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL EUGENE PARKER, SR.,

    Plaintiff,

v.

WI WATERSTONE, LLC,

    Defendant.

Case No. 18-2599-DDC-JPO

## MEMORANDUM AND ORDER

This matter is before the court on several motions. Defendant WI Waterstone, LLC, has filed a Motion to Dismiss (Doc. 12) and a First Amended Motion to Dismiss (Doc. 13). And, pro se plaintiff[1] Michael Eugene Parker has filed a "Motion to Amend the Amend[ed] Complaint" (Doc. 18). For reasons explained below, the court grants defendant's First Amended Motion to Dismiss and denies plaintiff's Motion to Amend his Complaint. Because the court grants defendant's motion under Federal Rule of Civil Procedure 12(b)(1), the court dismisses the Amended Complaint (Doc. 9) without prejudice.

**I. Background**

Plaintiff filed his original Complaint in this case on November 7, 2018 (Doc. 1). Defendant filed a Motion to Dismiss on December 6, 2018 (Doc. 7). Then, as a matter of course

---

[1] Because plaintiff proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

under Federal Rule of Civil Procedure 15(a)(1)(B), plaintiff filed an Amended Complaint on December 17, 2018 (Doc. 9). Now, defendant has filed a First Amended Motion to Dismiss plaintiff's Amended Complaint (Doc. 13).[2] More than one month after defendant filed its Motion, plaintiff filed a "Motion to Amend the Amend[ed] Complaint" (Doc. 18).

The court first summarizes the Amended Complaint. Plaintiff asserts that he brings his claims against "property ow[n]er Lynae Toon," though this name doesn't appear in the case caption, and no defendant other than WI Waterstone, LLC, has been served. *See* Doc. 9 at 1. Plaintiff also identifies a person named Wayne Nelson, who, plaintiff contends, "singled [him] out" as a "black male walking around the complex the past week or so [and] . . . carr[ying] a handgun on his waist." *Id.* at 2–3. And, plaintiff asserts, Mr. Nelson "is or was an employee at the time of the accused violent incident when he singled out" plaintiff. *Id.* at 3. Wayne Nelson also is not a defendant. And, plaintiff never explains who Lynae Toon or Wayne Nelson are or what the "violent incident" is.

Plaintiff asserts that his rights under the Fourth and Fourteenth Amendments have been violated. Defendant, he contends, gave a statement—presumably to law enforcement officers. Plaintiff alleges emotional and mental duress and stress, "personal damage" resulting from an arrest, and "[d]iscriminating racial pro[]filing." *Id.* at 8. He recites the Fourth and Fourteenth Amendments, describes diversity jurisdiction under 28 U.S.C. § 1332, and provides information about the Kansas Acts Against Discrimination. He also attaches the following documents: (1) an affidavit supporting a warrant application, representing that plaintiff had committed a crime; (2) an eviction form for plaintiff signed by a person named Lynae Toom; (3) a letter of

---

[2] Defendant also filed a Motion to Dismiss on the same day it filed its First Amended Motion to Dismiss. *See* Doc. 12. The two motions are virtually identical. Thus, this Order rules on defendant's First Amended Motion to Dismiss and denies its pending Motion to Dismiss as moot.

incarceration for plaintiff; and (4) an order from the District Court of Wyandotte County, Kansas, dismissing a criminal action against plaintiff. *See id.* at 10–17.

In its First Amended Motion, defendant asserts that the court lacks subject matter jurisdiction. Defendant contends that, because plaintiff alleges he and defendant are citizens of Kansas, plaintiff cannot invoke diversity of citizenship as a basis for subject matter jurisdiction under 28 U.S.C. § 1332. And, defendant argues, plaintiff hasn't invoked federal law as the basis for subject matter jurisdiction under 28 U.S.C. § 1331. Defendant also argues that plaintiff has failed to allege sufficient facts to state a claim. Plaintiff's claimed damages resulted from his arrest and the actions "of an unknown third[-]party thief," defendant asserts. Doc. 13 at 2.

## II. First Amended Motion to Dismiss (Doc. 13)

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Federal Rule of Civil Procedure 12(b)(1) "allows a court to dismiss a complaint for lack of subject matter jurisdiction." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (citing *Becker v. Ute Indian Tribe of the Unitah & Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)) (further citation omitted). As such, "[f]ederal subject matter jurisdiction is elemental . . .

and its presence must be established in every cause under review in the federal courts." *Id.* (quoting *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012)).

A facial attack to subject matter jurisdiction "questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted). A factual attack "challenge[s] the facts upon which subject matter jurisdiction depends." *Id.* at 1003. Here, defendants present a facial attack because, they assert, they question the sufficiency of the Complaint's jurisdictional allegations. When called to resolve a facial attack, a federal court "must accept the allegations in the complaint as true." *Id.* But, when challenged, "the burden is on the party claiming jurisdiction" to establish that it exists. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

When this burden goes unsatisfied, the court must refrain from exercising subject matter jurisdiction. *Pueblo of Jemez*, 790 F.3d at 1151 ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013))).

**B. Analysis**

The court evaluates plaintiff's Amended Complaint (Doc. 9) because it supersedes plaintiff's previous pleading (Doc. 1). *See Fullerton v. Maynard*, No. 91-7002, 1991 WL 166400, at *2 (10th Cir. Aug. 29, 1991) ("It is a well-established general rule that an amended complaint, filed pursuant to Federal Rule[] of Civil Procedure Rule 15(a), supersedes the complaint it modifies and renders the prior complaint of no legal effect."). Below, the court discusses whether plaintiff has pleaded sufficient facts to establish that this court can exercise subject matter jurisdiction over his claims.

### 1. Has plaintiff properly invoked diversity subject matter jurisdiction?

Though plaintiff provides a detailed description of the concept of diversity jurisdiction, his Amended Complaint lacks sufficient information to determine whether he has alleged diversity jurisdiction properly. Plaintiff alleges that defendant is a limited liability company. But, his Amended Complaint does not identify the citizenship of each member of WI Waterstone, LLC. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (holding that limited liability companies, partnerships, and other unincorporated associations "take[] the citizenship of all [their] members" and that the court must consider the citizenship of each member when evaluating whether it may exercise diversity jurisdiction). The Amended Complaint also does not allege any amount in controversy, as 28 U.S.C. § 1332 requires. It merely alleges "personal damage." Doc. 9 at 8. The Amended Complaint thus lacks sufficient allegations for the court to assert diversity subject matter jurisdiction over the action.

### 2. Has plaintiff properly invoked federal question subject matter jurisdiction?

"[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A "facial attack on the complaint's allegations as to subject matter jurisdiction," like the one defendant makes, "questions the sufficiency of the complaint, and the district court must accept the allegations in the complaint as true." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 877–78 (10th Cir. 2017) (internal quotations omitted). And, "[s]ince federal courts are courts of limited jurisdiction, [the court] presume[s] no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Siloam Springs Hotel*, 781 F.3d at 931 (internal quotations omitted). It is "inappropriate for [the court] to reach the merits when federal jurisdiction over the action [is] potentially nonexistent." *Id.* at 932.

Here, plaintiff quotes the text of the Fourth and Fourteenth Amendments in his Amended Complaint. But, plaintiff fails to connect his sparse factual allegations with the rights that these amendments provide. Plaintiff alleges that he was harmed in some way by the actions of two individuals—Lynae Toon and Wayne Nelson. Neither one is a defendant in this action. He alleges that defendant—WI Waterstone, LLC—gave statements that appear in the affidavit he has attached to his Amended Complaint. Also, he generally references the eviction form attached to the Amended Complaint. But, it's unclear how these alleged facts and documents connect to the constitutional amendments that plaintiff cites. Construing plaintiff's Amended Complaint liberally and assuming as true the few allegations it makes, plaintiff still has not satisfied his burden to establish federal question subject matter jurisdiction.

In short, plaintiff has failed to allege sufficient facts to invoke federal law as the basis for subject matter jurisdiction.

### III. Motion to Amend Complaint

Plaintiff also has filed a motion to amend his Amended Complaint (Doc. 18). He has attached a copy of his proposed Second Amended Complaint to his motion, complying with D. Kan. Rule 15.1(a)(2). In it, plaintiff invokes the Second, Third, Fourth, and Fourteenth Amendments to the Constitution of the United States, reciting portions of each amendment.

Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." The decision whether to grant leave to amend is within a district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies

by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).

Here, plaintiff has attached a copy of his Second Amended Complaint to his motion, complying with D. Kan. Rule 15.1(a)(2). And, it appears, he intends for the Second Amended Complaint to invoke the Fourteenth, Fourth, Third, and Second Amendments. Plaintiff explains that a person named Wyane Nelson, an employee of defendant WI Waterstone, reported that he saw plaintiff with a gun "committing a violate act." Doc. 18-1 at 4. Plaintiff also asserts that defendant "[w]rongfully ha[d] . . . plaintiff incarcerated," took plaintiff's property, and evicted plaintiff. *Id.* He alleges that someone broke into his vehicle and apartment, resulting in theft of his personal information. But, he doesn't allege who took these actions.

Plaintiff's proposed Second Amended Complaint suffers from the same deficiencies as his Amended Complaint (Doc. 9). It remains unclear how the few facts plaintiff has alleged connect to the various constitutional amendments he cites. Construing plaintiff's proposed Second Amended Complaint liberally and assuming the allegations within it are true, plaintiff still has not satisfied his burden of establishing federal question subject matter jurisdiction.

The court thus denies plaintiff's motion to amend his Amended Complaint. Because the court grants defendant's motion under Federal Rule of Civil Procedure 12(b)(1), the court dismisses the Amended Complaint (Doc. 9) without prejudice.

**IT THEREFORE ORDERED BY THE COURT THAT** plaintiff Michael Eugene Parker, Sr.'s "Motion to Amend the Amend[ed] Complaint" (Doc. 18) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant WI Waterstone, LLC's Motion to Dismiss (Doc. 12) is denied as moot.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant WI Waterstone, LLC's First Amended Motion to Dismiss (Doc. 13) is granted.

**IT IS SO ORDERED.**

**Dated this 22nd day of July, 2019, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**